IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS PHIPPS, | ) CASE NO. 1:07 CV 233 |
| | ) |
| Petitioner, | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| MAGGIE A. BEIGHTLER, | ) |
| | ) **REPORT & RECOMMENDATION** |
| Respondent. | ) |

## Introduction

Before me by referral[1] is the *pro se* petition of Nicholas Phipps for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Phipps pled guilty in 2005 to felonious assault as part of a plea agreement by which additional charges of attempted murder and rape were nolled.[3] He was re-sentenced in 2006 on that conviction to a term of six years in prison with an additional three years of post-release control and is currently incarcerated under that sentence at the Marion Correctional Institution.[4]

In his petition, Phipps raises four grounds for relief:

(1) ineffectiveness of trial counsel for failing to seek a separate trial from co-defendants and to object to the original sentence;

---

[1] ECF # 6.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.*, ECF # 10 at 4.

(2) abuse of discretion by the trial judge for failing to permit Phipps to withdraw his guilty plea;

(3) an alleged *Blakely* error in the 2006 re-sentencing; and

(4) a purported *Brady* violation at the time of the plea because a video tape used to establish Phipps' participation in the offense was altered without such alteration being disclosed.[5]

The State, in response, contends:

(1) ground one should be dismissed as waived because Phipps never fairly presented these claims to Ohio courts and cannot do so now due to *res judicata*;[6]

(2) ground two should be denied inasmuch as the decision of the state appeals court affirming the trial court's decision not to permit withdrawal of the plea was not contrary to clearly established federal law;[7]

(3) ground three should be dismissed as a non-cognizable state law claim since, to the extent it alleges an error in the 2006 re-sentence, it only contends that the sentencing court abused its discretion;[8] and

(4) ground four should be dismissed as waived because it also was never fairly presented to state courts and now cannot be raised because of *res judicata* and, alternatively, should be denied as without merit because a state appeals court decision rejecting this claim in an appeal by a co-defendant found that while the tape was technically enhanced,

---

[5] ECF # 1 at 5-6.

[6] ECF # 10 at 13-14. Although the State terms the result it seeks on ground one as a "denial" of the claims, the proper result, should the State's position be adopted, would be a "dismissal" since the federal habeas court would reject the claims while never reaching the merits of those claims.

[7] *Id*. at 15-18.

[8] *Id.* at 18-19.

>    the alterations did not change the fact that the tape incriminated the defendants.[9]

For the reasons that will be developed below, I recommend that this petition be dismissed in part and denied in part.

## Facts

**A.    Underlying offense, plea and sentencing**

As noted by the state appeals court,[10] Phipps was indicted by the Cuyahoga County, Ohio, grand jury on charges of attempted murder, felonious assault and rape.[11] The charges related to a "very violent assault" by a group of individuals on a "defenseless" man during which the victim was severely beaten "to the point of near death."[12] The attack, which took place outside of an apartment building, was captured by the building's security cameras.[13] As the state appellate court directly noted, the videotape makes it "undisputed that [Phipps] was present during the attack."[14]

---

[9] *Id.* at 19-26.

[10] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court, such presumption to be overcome only upon the petitioner presenting "clear and convincing" evidence to the contrary. *Brumley v. Wingard,* 269 F.3d 629, 637 (6th Cir. 2001).

[11] *State v. Phipps*, No. 86133, 2006 WL 62490 (Ohio App. 8 Dist. Jan. 12, 2006), at *1.

[12] *Id.*, at *2.

[13] *Id.*

[14] *Id.*, at *1.

Prior to trial, Phipps reached a plea arrangement with the State. Phipps agreed to plead guilty to felonious assault and cooperate with the prosecution in its case against the other defendants. The State, in return, promised to dismiss the attempted murder and rape counts and recommend a sentence below the statutory maximum for the remaining charge.[15]

Before accepting this plea, the trial court conducted a plea colloquy. In that exchange, for his part, Phipps assured the court that he was satisfied with his counsel's performance. Among other things, the trial judge told Phipps that, despite the agreement on sentencing, he should not believe the court was "promising you a particular sentence," but should understand that the court retained "complete sentencing discretion...."[16]

Phipps then moved to withdraw his plea.[17] At the hearing on the motion Phipps argued: (1) that, in his opinion, his conduct "did not rise to the level of felonious assault;"(2) that he believed his defense counsel's advice as to the law and possible outcomes in the case had been "not correct;" and (3) that he had made a hasty decision in agreeing to the plea because he was stressed by his girlfriend's receipt of a seven-year prison sentence for the same assault.[18]

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

The State, in response, pointed out that Phipps, through counsel, had participated in numerous plea discussions during which the State had agreed to withdraw some of the serious charges facing Phipps and that Phipps, as a condition of the plea, had signed a written statement admitting to his acts in the assault.[19]

The trial judge thereupon informed Phipps of the consequences of withdrawing his plea, including that he would then be forced to defend himself at trial against not only the felonious assault charge, but also against the charges of attempted murder and rape, which had been dropped as part of the plea.[20] The court also took note of the extensive discussions held between counsel and the court concerning possible resolutions of Phipps's case and so rejected as unpersuasive Phipps's claim that he had been pressured into accepting the plea.[21] The court then denied Phipps's motion to withdraw his plea, and the case proceeded to sentencing.[22]

At sentencing, Phipps stated that he was sorry for "the whole situation that happened" because he had lost a lot over "the whole act."[23] Consistent with the plea agreement, the State recommended a six-year sentence.[24] However, the trial judge, noted (1) that the

---

[19] *Id.*

[20] *Id.*, at *2.

[21] *Id*.

[22] *Id.*

[23] *Id.*

[24] *Id.*

videotape evidence of the beating was "overwhelmingly against [Phipps]," (2) that other defendants had received longer sentences than six years, and (3) that Phipps's expressions of remorse were just for how the crime affected him and not for the victim.[25] The judge then further observed that (a) Phipps had committed the worst form of felonious assault and that (b) Phipps had a prior felony record including drug trafficking and theft.[26] The court thereupon imposed the maximum sentence of eight years in prison.[27]

**B.     Appeal**

Acting through new counsel, Phipps timely appealed his conviction and sentence,[28] raising three assignments of error:

> (1)   The trial court abused its discretion by denying [Phipps'] motion to withdraw his plea.
>
> (2)   The trial court abused its discretion by failing to give full and fair consideration to the plea withdrawal request and a complete and impartial hearing.
>
> (3)   The trial court erred in sentencing [Phipps] to the maximum penalty of eight years when [the court's] findings and reasons to support the maximum sentence were improper.[29]

The State filed an opposition, contending, as to the first assignment of error, that the evidence shows that Phipps's plea was not the result of pressure, since, in addition to the

---

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] ECF # 10 (state record) at 65.

[29] *Id*. at 73.

pretrial hearings conducted in open court and the incriminating videotape, the record showed that Phipps asked for and was granted a twenty-four hour "window" to discuss his possible plea with his family before agreeing to the plea.[30] In addition, the State argued that Phipps gave no evidence that he did not understand his plea.[31] Finally, the State asserted that merely having a "change of heart" is not a valid basis for withdrawing a plea.[32]

With regard to the claim that the trial court failed to honor the plea agreement as to a six-year sentence, the State pointed out that the trial court had no obligation to impose the agreed-upon sentence and so informed Phipps prior to accepting his plea.[33] The State also noted that facts of the case and the pre-sentence report support the imposition of the maximum sentence in this matter.[34]

The state appellate court, in its opinion, affirmed the trial court in all respects. It found that the plea was not coerced and that the sentence, as imposed, was not at variance with the terms of the plea, since the court, as it informed Phipps, was not bound by any agreement as to sentencing, and the maximum sentence was supported by the facts in the record.[35]

---

[30] *Id*. at 114-15.

[31] *Id*. at 115.

[32] *Id.*

[33] *Id.* at 117-18.

[34] *Id.* at 116.

[35] *Phipps*, 2006 WL 62490, at **3-4.

**C.     Ohio Supreme Court**

Following the decision of the Ohio appeals court, Phipps, now *pro se,* filed a notice of appeal with the Supreme Court of Ohio.[36]  In his jurisdictional memorandum, Phipps essentially restated his arguments to the appeals court as follows:

(1)    The trial court abused its discretion when it denied Phipps' pre-sentence motion to withdraw his guilty plea.

(2)    The trial court committed plain error and abused its discretion when it failed to provide him with a complete and impartial hearing of his timely motion to withdraw the guilty plea in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

(3)    The trial court committed plain error in sentencing Phipps to the maximum penalty of eight years in violation of the Eighth, Fifth, Sixth and Fourteenth Amendments when its findings and reasons to support the maximum sentence were improper.[37]

The State filed no response.  The Ohio Supreme Court, in a judgment entry, accepted Phipps's appeal as to his third proposition of law only, remanding his case to the trial court for re-sentencing under *State v. Foster*,[38] which applied the holdings of *Apprendi*[39] and *Blakely*[40] to Ohio jurisprudence.  Phipps did not seek a writ of certiorari from the United States Supreme Court as to the issues not accepted for review by the Ohio Supreme Court.

---

[36] ECF # 10 at 146.

[37] *Id.* at 149.

[38] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[39] *Apprendi v. New Jersey*, 540 U.S. 466 (2000).

[40] *Blakely v. Washington*, 542 U.S. 292 (2004).

**D.    Re-sentencing**

Pursuant to the remand, Phipps, now represented by yet another counsel, was re-sentenced to a term of six years in prison, together with three years of post-release control, on his conviction for felonious assault.[41] The record does not show that Phipps appealed his re-sentencing.

**E.    Federal habeas petition**

Phipps, *pro se*, then timely filed this petition for federal habeas relief, asserting the following four grounds for relief:

(1)    Denial of effective assistance of [trial] counsel.

(2)    The trial court abused its discretion when it denied pre-sentence motion to withdraw guilty plea.

(3)    Maximum prison term of 8 years.

(4)    Conviction was obtained by unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.[42]

Phipps did not file a supporting brief.

The State, as previously noted, responded by arguing that :

(1)    grounds one and four, which had never been presented to Ohio courts, should now be dismissed as waived;

(2)    ground two should be denied because the state appeals court decision was not contrary to clearly established federal law; and,

---

[41] ECF # 10 at 177.

[42] ECF # 1 at 5-6.

(3)     ground three should be dismissed as stating only a non-cognizable state law claim.[43]

Phipps did not file a traverse.

As discussed below, I recommend that grounds one and four be dismissed as waived. I further recommend finding that ground three, which has also never been presented to any Ohio court, be dismissed as stating a non-cognizable state law claim. Finally, I recommend that ground two, which was addressed by the state appeals court, be denied here because the state court's decision was not contrary to clearly established federal law.

## Analysis

**A.      Standards of review**

*1.      Waiver/Exhaustion*

As stated by the Sixth Circuit in *Deitz v. Money*:[44]

> A federal [habeas] court is barred from hearing issues that could have been raised in the state courts, but were not, and now may not be presented to the state courts due to a procedural defect or waiver. In order to gain access to a habeas review of a waived claim, a petitioner must demonstrate either (1) cause to excuse the waiver and prejudice to his defense or (2) actual innocence.[45]

In Ohio, pursuant to the long-standing rule propounded in *State v. Perry*,[46] where a claim could have been presented on direct appeal, but was not, Ohio appeals courts will bar

---

[43] ECF # 10 at 13-26.

[44] *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004).

[45] *Id.*, at 807 (internal citations omitted).

[46] *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 104 (1967).

later consideration of that claim under the doctrine of *res judicata*.[47] This rule has been repeatedly recognized by the Sixth Circuit as being an adequate basis on which to foreclose federal habeas review.[48]

The teaching on waiver is related to the exhaustion requirement for habeas claims. As is well-known, a habeas petitioner, as a predicate to obtaining review of his claim by a federal court, must afford the highest court in the state where he was convicted a full and fair opportunity to rule on that claim.[49] Thus, a claim that could have presented on direct appeal but has never been presented at any level to the Ohio courts is both unexhausted and waived, because if the petitioner would attempt to return to Ohio courts so as to present the claim for the first time on a delayed appeal, the Ohio appellate court would, as noted, decline to reach the merits of the claim on the basis of *res judicata*, and the Ohio Supreme Court would refuse to hear the claim because it had not first been raised and preserved in the Ohio appeals court.[50]

However, in such situations, although the claim is technically unexhausted, because the waiver operates to fully preclude any future basis by which the Ohio courts could consider the claim, the clear rubric is that the presence of such claim should not render a habeas petition liable to dismissal for lack of exhaustion, since there are no further remedies

---

[47] *Id.*, 10 Ohio St. 2d at 180-81, 226 N.E.2d at 108.

[48] *See*, *Adams v. Bradshaw*, 484 F. Supp. 2d 753, 770-71 (N.D. Ohio 2007) (citing cases).

[49] *O'Sullivan v. Boerkel*, 526 U.S. 838, 842 (1999).

[50] *Fornash v. Marshall*, 686 F.2d 1179, 1185 n.7 (6th Cir. 1982).

available to exhaust.[51] Rather, as discussed earlier, the claim itself is liable to dismissal as waived unless the petitioner can excuse his failure to present the claim in state court and show actual prejudice to his case from a failure of the federal court to consider the claim or actual innocence.[52]

### 2. *Non-cognizability*

To the extent a petitioner's claim is based on a purported violation of state law, the petitioner has failed to state a claim upon which federal habeas relief can be granted.[53] A question stated as a perceived error of state law can only be the basis for federal habeas relief when the petitioner is denied fundamental fairness in the trial process.[54]

In the specific context of sentencing, a claim, without more, that a state trial court erred by imposing a sentence within the statutory maximum does not implicate any federal constitutional rights.[55]

### 3. *"Contrary to" clearly established federal law*

According to federal statute, in cases where a claim has been adjudicated on the merits in a state court, the writ shall not issue unless that state-court adjudication was contrary to,

---

[51] *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995).

[52] *Deitz*, 391 F.3d at 807.

[53] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[54] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

[55] *See*, *Harris v. United States*, 536 U.S. 545, 567-69 (2002).

-12-

or involved and unreasonable application of, clearly established federal law.[56] Where the state court decided the question without reaching the federal constitutional question involved, the federal habeas court reviews the state court decision under the "contrary to" clause.[57] Under that clause, the federal habeas court may grant relief only if the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decided differently than the United States Supreme Court has decided on a set of materially indistinguishable facts.[58] The Supreme Court has emphasized that "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed."[59]

### *4.     Withdrawal of a guilty plea*

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."[60] Consequently, a federal habeas court may grant relief in convictions based on a guilty plea only upon a showing that the plea was not entered knowingly, intelligently, and voluntarily.[61]

---

[56] 28 U.S.C. § 2254(d)(1).

[57] *Alley v. Bell*, 307 F.3d 380, 397-98 (6th Cir. 2002).

[58] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

[59] *Id.* at 405.

[60] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[61] *Id.*

In determining whether a decision to enter a plea was voluntary and intelligent, the Sixth Circuit has outlined the applicable test as follows:

> The applicable standard for determining the validity of guilty pleas under due process was set forth in *Boykin v. Alabama*. There the Supreme Court held that a guilty plea is only valid if it is both "voluntary" and "intelligent." The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses open to defendant. Likewise, in *Brady v. United States*, the Court held that for a plea to be voluntary and intelligent a defendant must be apprised of the direct consequences of entering the plea. We test the voluntariness of a plea by considering the totality of the circumstances.[62]

To be considered a voluntary and intelligent plea, the totality of the circumstances surrounding the entry of the plea must show that the plea was not coerced by threats or misrepresentations and that the defendant was informed of all the direct consequences of the plea.[63] A finding by a state court upholding the validity of a guilty plea is presumed correct, unless the plea hearing transcript is inadequate to support such a finding.[64]

**B.  Application**

***1.  Grounds one and four should be dismissed as waived.***

As noted by the State, Phipps here attempts for the first time in any forum to claim ineffectiveness of his trial counsel (ground one) and a failure of the prosecution to disclose exculpatory evidence (ground four). As such, these claims must be considered waived since they cannot now be raised in the Ohio appellate court due to *res judicata*. Moreover, Phipps

---

[62] *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991).

[63] *Brady v. United States*, 397 U.S. 742, 755 (1970).

[64] *Stumpf v. Mitchell*, 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds by Bradshaw v. Stumpf*, 545 U.S. 175 (2005).

has not even attempted to excuse the waiver by contending that he had cause for failing to raise these arguments on direct appeal.

Accordingly, based on a clear application of the law pertaining to waiver as discussed earlier and Phipps's plain failure to attempt to excuse the waiver, I recommend that grounds one and four of this petition be dismissed as waived.

2.   *Ground three should be dismissed as stating a non-cognizable state law claim.*

Ground three seeks relief from Phipps's re-sentencing to a term of six years on the basis that the trial court erred in some unspecified way by imposing a sentence within the statutory maximum (and consistent with the original recommendation of the plea deal), but not Phipps's desired sentence.[65]

As noted, stated as it is, this claim does not implicate any federal constitutional rights. Moreover, as a claim that the trial court erred in some fashion by imposing a sentence for less than the statutory maximum, this claim, at best, sounds in state law and is, therefore, non-cognizable here.

Accordingly, I recommend that ground three be dismissed as not stating a claim upon which federal habeas relief can be granted.

3.   *Ground two should be denied because the state court decision denying this claim was not contrary to clearly established federal law.*

The state appeals court here addressed Phipps's claim that the trial court abused its discretion in denying his motion to withdraw his guilty plea.[66] That assignment of error, and

---

[65] ECF # 1 at 6.

[66] *Phipps*, 2006 WL 62490, at **2-3.

-15-

the state appeals court's analysis, rested entirely on the state law question of whether the trial court had acted contrary to Ohio Criminal Rule 32.1 governing such motions.[67]

I note first that, although the state appeals court treated this as solely a state law issue, Phipps, in his appellate brief, did argue the federal constitutional issue involved, citing to the Supreme Court's holdings in *Boykin* and *Brady* and contending that because his plea was not voluntary, it did not conform to the applicable federal standard.[68] Consequently, the claim must be regarded as fairly presented, but the state appellate court's decision, which rested exclusively on Ohio law, is to be evaluated pursuant to the "contrary to" analysis.[69]

In that regard, the state appeals court noted that Phipps received a full hearing on the motion to withdraw and that the trial court had referenced the "extensive and numerous conversations among the court and counsel concerning a potential resolution of the matter."[70] From all the facts, the trial judge concluded that Phipps's claim to have entered the plea as a result of duress or pressure was "unpersuasive," and he denied the motion to withdraw the plea.[71]

In addition to reviewing the trial court's findings, the appeals court independently reviewed the record of the plea hearing. The appellate court found:

---

[67] *Id.*

[68] *See*, ECF # 10 at 81.

[69] *Alley v. Bell*, 307 F.3d 380, 397-98 (6th Cir. 2002).

[70] *Phipps*, 2006 WL 62490, at *2.

[71] *Id.*

-16-

>    The plea hearing adequately established that defendant knowingly, intelligently and voluntarily entered his plea. The trial court was not persuaded by defendant's proffered reasons to vacate his plea due to the extensive discussions among the court and counsel towards resolution of the case. On review, we cannot find anything in the record to indicate that the trial court abused its discretion by denying defendant's motion to withdraw his plea.[72]

As noted, a finding by a state appeals court upholding the voluntariness of a guilty plea is presumed correct unless that finding cannot be supported in the record. Here, the state court record,[73] which was extensively cited in the State's return of writ,[74] has never been directly challenged or even commented on by Phipps.

Thus, inasmuch as the state court appeals court decision (1) employed the correct federal constitutional standard in evaluating the voluntariness of the plea while not so identifying it, and (2) since the state court's findings, which are presumed correct, were not here challenged by Phipps, and further (3) since the transcript here does support those findings, I recommend that Phipps's second ground for relief be denied.

## Conclusion

For the foregoing reasons, I recommend that the petition of Nicholas Phipps for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed in part and denied in part.

Dated:  August 18, 2008                         s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

---

[72] *Id.*, at * 3.

[73] ECF # 10 (Attachment) at 8-59.

[74] *See*, ECF # 10 at 16-17.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[75]

---

[75] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).